T.C. Summary Opinion 2006-120

UNITED STATES TAX COURT

THOMAS W. AND PAMELA A. HILL, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7307-05S.                    Filed July 31, 2006.

Thomas W. and Pamela A. Hill, pro se.

Alisha M. Harper, for respondent.


COUVILLION, Special Trial Judge:  This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue.
All Rule references are to the Tax Court Rules of Practice and
Procedure.

Respondent determined a deficiency in petitioners' Federal income tax of $3,108 for taxable year 2001. The sole issue for decision is whether the tournament bass fishing activity of Thomas W. Hill (petitioner) was an activity not engaged in for profit within the meaning of section 183.[2]

Some of the facts were stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by reference. At the time the petition was filed, petitioners' legal residence was Lexington, Kentucky.

Petitioner began bass fishing for recreation when he was a child. In 1977, petitioner was appointed general manager of School Supply, Inc., a wholesale distributor and retailer of school and teaching supplies. He terminated that employment in 1978 and incorporated Fayette School Service, Inc. (Fayette), a wholesale school supply company that he operated through 1987. About the time petitioner incorporated Fayette, he began participating in competitive bass fishing. His involvement in that activity continued until 1985, when he and a partner started Sportsman's Supply, Inc. (Sportsman's Supply), a retailer of sporting goods and fishing tackle. After sustaining losses for 2

---

[2]Generally, the burden of proof is on the taxpayer. Rule 142(a)(1). Under sec. 7491(a), the burden of proof shifts to the Commissioner if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability. The facts of this case do not, in the Court's view, shift the burden of proof to respondent.

years, that business was terminated in 1987. That same year, petitioner changed careers and began working for Grogan's Healthcare Supply, Inc. (Grogan's), a medical products distribution company.

Petitioner remained with Grogan's when he resumed tournament bass fishing in 1992. He qualified for the American Scholarship Championship that year. Thereafter, petitioner, while continuing his employment with Grogan's, participated in bass fishing tournaments on weekends through the year in issue. He placed in several tournaments, qualified for the Red Man All American in 1997, and received some prize money for his efforts. Petitioner also started a Web site (thebassschool.com) as a means of generating income by offering personal guidance to fishermen; however, this project was abandoned when the site failed to receive any hits.

After considering the potential payout associated with winning a major bass fishing tournament, petitioner decided, after consulting with his accountant, that he had devoted sufficient time, effort, and attention in traveling to and participating in competitive bass fishing that he was engaged in a trade or business activity. Beginning in 1997 and continuing through 2001, the year at issue, petitioner included a Schedule C, Profit or Loss From Business, with his Federal income tax return for each year, reporting the income, expenses, and profit

or loss from his tournament bass fishing activity. His reported receipts, expenses, and net profit or loss on Schedule C of his income tax returns for his tournament bass fishing activity from 1997 through 2001 were as follows:

|      | Gross Receipts | Expenses | Profit or Loss |
|------|----------------|----------|----------------|
| 1997 | $1,470         | $ 7,729  | ($ 6,259)      |
| 1998 | 779            | 9,571    | (8,792)        |
| 1999 | 871            | 7,550    | (6,679)        |
| 2000 | 1,117          | 8,134    | (7,017)        |
| 2001 | 892            | 11,303   | (10,411)       |

Petitioner spends 60 to 70 days a year fishing, occasionally taking time from his employment with Grogan's to compete in one of the 10 to 12 fishing tournaments in which he participates annually. In an attempt to limit participation to those tournaments with the biggest prize payouts, petitioner's efforts focus on competing in tournaments operated by the Bass Angler's Sportsman's Society (B.A.S.S.) or FLW Outdoors, Inc. (FLW Outdoors).[3] Most tournaments petitioner attends are in the tri-State area of Ohio, Kentucky, and Tennessee, thus generally requiring less than 200 miles of travel each way for these annual tournaments. Aside from the time spent fishing, petitioner

---

[3]With a membership base of more than 500,000 people, B.A.S.S., a wholly owned subsidiary of ESPN, is the world's largest sports fishing organization, sanctioning more than 20,000 tournaments worldwide. FLW Outdoors is the world's leading marketer of competitive fishing, and it administers eight national tournament circuits, including the Wal-Mart FLW Tour.

devotes a substantial portion of his spare time to activities related to tournament bass fishing, such as upkeep of his boat and tackle; studying bass fishing from available books, magazines, videos, and television shows; physical conditioning; and maintaining books and records.

During the year at issue, petitioner purchased a new fishing boat for approximately $28,000. Although petitioner already owned a fishing boat, the new boat is better equipped for tournament fishing and handling the various waters a bass fisherman encounters. Despite receiving some prize money from his fishing activity, petitioner's expenses for each taxable year from 1997 through 2001 have exceeded his gross receipts, resulting in an unbroken series of losses. Prior to 2003, petitioner did not maintain a separate bank account for his fishing activity, although he did maintain books and records to substantiate his income and expenses. Petitioner has never had a sponsor or sponsors for his activity, and he has funded the bass activity solely with the earnings from his employment with Grogan's. At trial, petitioner could not estimate when his tournament bass fishing would realize a profit.

In addition to carrying on the bass fishing activity and their full-time careers, petitioners own three rental properties and own an interest in Medical Multimedia Group, a partnership. Those properties realized net losses.

In his position with Grogan's, petitioner typically works 40 to 45 hours per week, Monday through Friday, as director of sales operations. He reported gross income of $59,696.08 on his 2001 joint Federal income tax return from this employment. Pamela A. Hill was employed by the Fayette County Clerk's Office in 2001, and she had a salary of $31,060.59 as deputy county clerk. On Schedule C of petitioners' income tax return for 2001, they reported gross receipts of $892, expenses of $11,303, and a net loss of $10,411 from the tournament bass fishing activity. In the notice of deficiency, respondent determined that the bass fishing activity was not an activity engaged in for profit within the meaning of section 183. The $892 reported as gross receipts from the fishing activity was reclassified as "Other Income", and the entirety of the claimed Schedule C expenses of $11,303 was disallowed.[4] Thus, the net adjustment was an increase in petitioners' taxable income of $11,303.

The issue for decision is whether petitioner's bass fishing activity was an activity not engaged in for profit under section 183(a). Section 183(a) generally disallows any deductions

---

[4]According to the notice of deficiency:

The expenses incurred in connection with fishing are allowable in the amount of $892.00 in 2001 as miscellaneous itemized deductions. Further, miscellaneous itemized deductions are only deductible to the extent that they exceed two percent of your adjusted gross income. Due to the adjustments herein which increase adjusted gross income, miscellaneous itemized deductions are not allowable * * *.

attributable to activities not engaged in for profit.  Section 183(b)(1), however, provides that deductions that are allowable without regard to whether the activity is engaged in for profit shall be allowed.  Section 183(b)(2) further provides that deductions that would be allowable only if the activity were engaged in for profit shall be allowed, "but only to the extent that the gross income derived from such activity for the taxable year exceeds the deductions allowable by reason of" section 183(b)(1).  Accordingly, $892 of the expenses incurred in petitioner's fishing activity should have been allowed as an offset to the $892 of income received from the activity.

Section 183(c) defines an "activity not engaged in for profit" as any activity other than one for which deductions are allowable under section 162 or under paragraph (1) or (2) of section 212 for the taxable year.  The standard for determining whether the expenses of an activity are deductible under either section 162 or section 212(1) or (2) is whether the taxpayer engaged in the activity with the "actual and honest objective of making a profit".  Ronnen v. Commissioner, 90 T.C. 74, 91 (1988); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983).  While a reasonable expectation of profit is not required, the taxpayer's profit objective must be bona fide.  Hulter v. Commissioner, 91 T.C. 371 (1988); sec. 1.183-2(a), Income Tax Regs.  Whether a taxpayer had

the requisite profit objective is a question of fact to be resolved from all relevant facts and circumstances of the case. Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(b), Income Tax Regs. In resolving this factual question, greater weight is given to the objective facts than the taxpayer's mere statement of his intent. Siegel v. Commissioner, 78 T.C. 659, 699 (1982); sec. 1.183-2(a), Income Tax Regs.

The determination whether an activity is engaged in for profit is made by reference to objective standards, taking into consideration the facts and circumstances of the case. Sec. 1.183-2(a), Income Tax Regs. Section 1.183-2(b), Income Tax Regs., provides a nonexclusive list of nine objective factors to be considered in ascertaining a taxpayer's intent. The factors are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) any elements indicating personal pleasure or recreation. Not all

factors are applicable in every case, and no single factor, nor even the existence of a majority of factors favoring or disfavoring the existence of a profit objective, is controlling. Abramson v. Commissioner, 86 T.C. 360, 371 (1986); sec. 1.183-2(b), Income Tax Regs.

The manner in which a taxpayer carries on the activity is one factor to consider in determining whether a profit objective exists. Maintaining complete and accurate books and records, carrying on the activity in a manner similar to other activities that are profitable, and changing operating methods to adopt new techniques or abandon unprofitable methods in a manner consistent with an intent to improve profitability indicate that a taxpayer conducted an activity for profit. See sec. 1.183-2(b)(1), Income Tax Regs. Although petitioner did not maintain a separate checking account for his fishing activity until 2003, he maintained adequate books and records to determine the income and expenses associated with his tournament bass fishing.

In response to respondent's request for information, petitioner prepared a Business Overview detailing the aims and objectives of his bass fishing activity. The document articulated the potential revenue that any participant who competed in and won 12 of the biggest bass fishing tournaments held by B.A.S.S. and FLW Outdoors might earn; however, the document did not include a financial projection with respect to

petitioner's activity. Petitioner claims that sustained profitability could come from a single win at a major tournament, but he has not conducted any type of break-even analysis or attempted to discern how much time and money should be invested and dedicated to the activity to make it profitable. There is no evidence that petitioner changed meaningfully his operating methods to adopt new techniques or abandoned unprofitable methods of conducting the activity that might lead to a profitable result. Petitioner's continued losses appear to indicate that a timeframe for profit is irrelevant. The Court concludes that petitioner has merely continued a childhood fishing hobby with a hope that he may, by chance, derive some profit from tournament bass fishing.

Possession of expertise in the activity by either the taxpayer or his advisers may indicate a profit motive. Sec. 1.183-2(b)(2), Income Tax Regs. Petitioner began bass fishing as a child. Notwithstanding his lack of winning a major bass fishing competition, he received prize money for his performance in a number of bass fishing tournaments, appeared on ESPN, and published a fishing article. Additionally, petitioner has striven to overcome any lack of expertise by consulting with several successful individuals in the industry about improving financial returns from the fishing activity. In his free time, petitioner regularly watches programs on bass fishing, reads

literature in magazines, and accesses articles on the Internet to improve his performance in bass fishing tournaments. Aside from discussions with his accountant about the bass fishing activity, petitioner has never consulted any financial advisers or persons outside the bass fishing industry. His failure to seek objective advice about the activity is a negative consideration; nevertheless, his consistent and continued consultation with successful tournament fishermen coupled with his regular study of the bass fishing industry is a positive consideration.

If a taxpayer devotes significant time and effort to an activity, it may indicate that there is a profit objective. Sec. 1.183-2(b)(3), Income Tax Regs. Although petitioner was not prepared to leave his full-time employment with Grogan's for an activity that had no guarantee of success, he consistently devoted free time and energy to the activity. Since petitioner was working 40 to 45 hours per week in his regular job, he was limited in the time and effort he could spend bass fishing. During the 26 weeks of the year that he fished, petitioner spent approximately 40 hours per week on the fishing activity. His time was divided among many different functions, including studying ways to improve his performance in tournaments, physical conditioning, practice fishing, maintaining his boat and tackle, and actual tournament competition. The Court believes that petitioner devoted significant time and effort to the activity.

None of the assets used in petitioner's bass fishing activity are likely to appreciate in value, and, for that matter, petitioner did not accumulate any assets with the expectation that they would appreciate in value. Sec. 1.183-2(b)(4), Income Tax Regs.

A taxpayer's previous success in other entrepreneurial activities similar or dissimilar to the activity in question may indicate that a profit objective exists. Sec. 1.183-2(b)(5), Income Tax Regs. Petitioner experienced some financial success with Fayette, a school supply company that he formed in 1977 and operated through 1987. More notable, however, are petitioner's entrepreneurial activities associated with the bass fishing activity at issue. Petitioner completely terminated Sportsman's Supply, a retailer of sporting goods and fishing tackle, when the entity failed to generate net earnings in its first 2 years of operation. Similarly, petitioner created a Web site in the hope of enhancing profitability yet abandoned this project when the site did not produce anticipated activity. Even though petitioner's bass fishing activity has never generated net earnings, he has nevertheless continued the activity since 1997. Given petitioner's history of promptly ending unprofitable business ventures, his unwillingness to cease tournament bass fishing, an activity that produced losses exclusively, indicates that the bass fishing activity was not engaged in for profit.

A history of substantial losses indicates that the taxpayer did not conduct the activity for profit. Sec. 1.183-2(b)(6), Income Tax Regs. Petitioner started filing a Schedule C with his Federal income tax return for the 1997 tax year with regard to the bass fishing activity. The Court cannot ignore the fact that petitioner realized only nominal gross receipts and never realized a profit from the activity over the period from 1997 to 2001 and thereafter. Instead, petitioner's bass fishing activity generated an average loss of $7,831.60 each year from 1997 to 2001. More importantly, petitioner seemed unconcerned about minimizing his expenses when he stated at trial: "when you say what the prize monies are, how much that you can win, versus -- my expenses, I'm not minimizing those, but again they're relatively small. This is * * * not huge numbers here that the taxpayer's taking a hit on." A taxpayer does not generally enter into a recreational activity to generate income in excess of deductions. Petitioner's choice to continue sustaining losses suggests the lack of a profit objective.

The amount of occasional profits, if any, which are earned is also considered in the determination of whether an activity is not engaged in for profit. Sec. 1.183-2(b)(7), Income Tax Regs. Although petitioner has had some gross receipts in connection with the activity, his expenses have always exceeded this income, resulting in net losses each year. By participating only in

those tournaments sponsored by B.A.S.S. or FLW Outdoors with the largest prize payouts, petitioner has chosen to limit his possibilities for income to the most prestigious bass fishing competitions.  The unfortunate, yet foreseeable, result of this self-imposed limitation is that petitioner has never earned a profit from his bass fishing activity, and there is no indication as to when or whether he will ever attain a profit.

A taxpayer's financial status may imply whether an activity is conducted for profit.  Sec. 1.183-2(b)(8), Income Tax Regs. Petitioners reported wage income for taxable year 2001 of $90,757 and $518 in interest income.  Substantial income from other sources might indicate a tax incentive for incurring expenditures related to a recreational business.  Jackson v. Commissioner, 59 T.C. 312, 317 (1972).  While it is unclear that the tournament bass fishing activity was conducted to generate tax savings, petitioners' income indicates that they possessed sufficient disposable income to sustain such losses each year from the activity and realize tax savings therefrom.

Finally, the presence of personal motives may indicate that the activity is not engaged in for profit.  Sec. 1.183-2(b)(9), Income Tax Regs.  Petitioner's bass fishing activity has allowed him to devote a substantial portion of his spare time to a hobby he has loved since childhood.  Further, the activity has permitted petitioner to test his fishing skills against other

tournament fishermen.  Petitioner's fishing activity is occasionally demanding and exhausting.  The Court is convinced, however, that petitioner's bass fishing was akin to a hobby enjoyed in his spare time and which, as a bonus, provided him an opportunity for occasional income and less income tax.

The Court has considered all other arguments advanced by the parties, and, to the extent such arguments have not been specifically addressed, the Court concludes they are without merit.  Each factor set out in section 1.183-2(b), Income Tax Regs., was considered; while some of the factors support a profit objective, other factors discussed outweigh the profit motive.  The Court, therefore, is not convinced that petitioner was engaged in a trade or business for profit.  Respondent, therefore, is sustained.  However, as noted earlier, supra note 4, respondent allowed petitioner a miscellaneous itemized deduction of $892 for expenses incurred in the activity.  As an itemized deduction, the 2-percent floor of section 67(a) would be applicable.  Respondent erred in the treatment of the $892 in this fashion.  Under section 183(b)(2), the $892 is allowable as an offset to the gross receipts, thus eliminating the 2-percent limitation.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155.</u>
